**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE RICHARD K. EATON, JUDGE**

| | |
|---|---|
| EKU FREN VE DÖKÜM SANAYİ A.S., <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION; AND THE UNITED STATES OF AMERICA, <br><br> Defendants. | Court No. 26-01386 |
| AMSUM & ASH, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION; AND THE UNITED STATES OF AMERICA, <br><br> Defendants. | Court No. 26-01551 |
| MATRA AMERICAS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION; AND THE UNITED STATES OF AMERICA, <br><br> Defendants. | Court No. 26-01417 |

1

| | |
|---|---|
| CANADIAN FOREST PRODUCTS LTD. AND CANFOR PULP AND PAPER SALES LTD., <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION; AND THE UNITED STATES OF AMERICA, <br><br> Defendants. | Court No. 26-01562 |
| OPTIMA STEEL INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION; AND THE UNITED STATES OF AMERICA, <br><br> Defendants. | Court No. 26-01461 |
| AA METALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION; AND THE UNITED STATES OF AMERICA, <br><br> Defendants. | Court No. 25-00714 |

## <u>MOTION TO LIFT THE STAY FOR THE LIMITED PURPOSE OF ADDRESSING IEEPA TARIFF REFUNDS FOR AD/CVD ENTRIES</u>

Plaintiffs EKU Fren ve Döküm Sanayi A.S., Amsum & Ash, Inc., Matra Americas, LLC, Canadian Forest Products Ltd., Canfor Pulp And Paper Sales Ltd., Optima Steel International, LLC, and AA Metals, Inc. (collectively, "Plaintiffs") respectfully move this Court to lift the stay entered pursuant to Administrative Order 25-02 and the Court's March 17, 2026 Order for the limited purpose of permitting Plaintiffs to explain the need to immediately refund International Emergency Economic Powers Act ("IEEPA") tariffs even for entries for which liquidation is suspended by operation of law due to ongoing antidumping duty and countervailing duty ("AD/CVD") proceedings.  In the absence of such treatment, these entries may not have IEEPA tariffs refunded for many years, as much as three or four years, and even longer in some cases. Such an approach of issuing tariff refunds prior to liquidation would be consistent with this Court's instructions in past cases dealing with the reimbursement of tariffs prior to liquidation for entries subject to suspension of liquidation by operation of law due to an AD/CVD order.

Good cause exists to grant this motion.  The Consolidated Administration and Processing of Entries ("CAPE") system currently being developed by U.S. Customs and Border Protection ("CBP") appears to be focused solely on providing refunds of IEEPA tariffs through the liquidation/reliquidation process.  There are over 800 AD/CVD orders currently in effect[1] and likely thousands of AD/CVD entries with IEEPA tariffs paid.  A tariff refund mechanism that relies solely upon liquidation will not permit the refunding of IEEPA tariffs on such entries in a reasonable time period, resulting in undue delay for Plaintiffs and huge unnecessary interest costs to the United States.  Accordingly, in as much as CBP has not proposed a process for immediately refunding IEEPA tariffs on AD/CVD entries, the Plaintiffs wish to make the Court

---

[1] The U.S. Department of Commerce's ("Commerce") International Trade Administration maintains AD/CVD order statistics at its website located here: https://www.trade.gov/data-visualization/adcvd-proceedings.

aware of and give consideration to relevant precedents for refunding unlawfully collected tariffs in AD/CVD cases outside of the liquidation process.

The Court's orders in *Atmus Filtration, Inc. v. United States*, Ct No. 26-01259 and CBP's declarations appear to assume that the administrative mechanism to be used to issue IEEPA tariff refunds will be the liquidation of the entries, or in the case of liquidated entries, re-liquidation. *See* Amended Order, *Atmus Filtration, Inc. v. United States*, Ct No. 26-01259, ECF No. 29 (Mar. 5, 2026); Declaration of Brandon Lord Responding to March 6, 2026 Court Order, *Atmus Filtration, Inc. v. United States*, Ct No. 26-01259, ECF No. 39 (Mar. 12, 2026) at 5-6; Declaration of Brandon Lord Responding to March 12, 2026 Court Order, *Atmus Filtration, Inc. v. United States*, Ct. No. 26-01259, ECF No. 47 (Mar. 19, 2026).

Plaintiffs have paid IEEPA tariffs on entries for which liquidation is suspended by operation of law due to ongoing AD/CVD proceedings. These entries will not liquidate until the conclusion of the AD/CVD administrative review that covers these entries and any subsequent litigation. AD/CVD entries typically do not liquidate for at least two to three years after the date of entry. *See e.g.*, CBP Message No. 5325434 (Nov. 21, 2025) (instructing CBP in November 2025 to liquidate entries of thermal paper from Germany imported by Matra Americas, LLC and entered during the period of November 1, 2022 – October 31, 2023). In some cases, the period is much longer. Plaintiff Canadian Forest Products Ltd. has entries of softwood lumber from July 2017 that remain suspended due to ongoing AD/CVD litigation. For this reason, a refund mechanism that depends upon liquidation of the entries to issue refunds will not permit the timely issuance of refunds of IEEPA tariffs for a large number of U.S. importers whose entries are covered by AD/CVD orders, as well as entries where liquidation has been extended by CBP.

This Court and CBP have experience in refunding unlawfully collected duties without regard to the liquidation of the underlying entries. In *Transpacific Steel LLC et al. v. United States*, this Court ordered CBP to refund to Plaintiffs "the difference between any tariffs

4

collected on its imports of steel products pursuant to Proclamation No. 9772 and the 25% *ad valorem* tariff that would otherwise apply on these imports together with such costs and interest as provided by law" without regard for the liquidation status of the underlying entries. Judgment, *Transpacific Steel LLC et al v. United States et al*, Ct. No. 19-00009, ECF No. 66 (July 14, 2020). The Government subsequently moved this Court for a stay pending appeal on such refund of the duties, which was denied, and then sought the same relief from the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit"), which was also denied. *Transpacific Steel LLC v. United States*, 840 Fed. Appx. 517 (Fed. Cir. 2020); *Transpacific Steel LLC v. United States*, 474 F. Supp. 3d 1332 (Ct. Int'l Trade 2020). Many of the entries covered by the Court's order in *Transpacific* were suspended by AD/CVD orders. The Court also enjoined liquidation of the remaining entries due to the pendency of the Government's appeal on the merits. *See Transpacific Steel*, 474 F. Supp. 3d at 1338. CBP refunded to the plaintiffs in that case the portion of the Section 232 tariffs that were held to be unlawfully imposed, while the entries remained suspended and the appeal continued.[2]

Similarly, in *Borusan Mannesmann Pipe U.S. Inc. v. United States*, this Court ordered CBP to refund to the plaintiff in that case Section 232 tariffs paid on certain unliquidated AD/CVD entries, and CBP complied with the Court's order. Stipulated Judgment, *Borusan Mannesmann Pipe U.S. Inc. v. United States*, Ct. No. 20-00012, ECF No. 42 (Oct. 15, 2020). Thus, CBP has demonstrated the ability to refund unlawfully collected tariffs outside of the liquidation process.

---

[2] The Federal Circuit ultimately reversed on the merits and found the additional Section 232 tariffs to have been lawful, and the plaintiffs in *Transpacific Steel* were ordered to pay back the Section 232 tariffs that had been refunded. *Transpacific Steel LLC v. United States*, 4 F.4th 1306 (Fed. Cir. 2021); Judgment, *Transpacific Steel LLC v. United States*, Ct. No. 19-00009, ECF No. 94 (Nov. 22, 2021).

In this proceeding, CBP has also explained that the liquidation of entries slows down the process since entries must be checked for any unrelated issues regarding classification, valuation, etc. Declaration of Brandon Lord In Response to the Court's Questions of March 3, 2026, *Atmus Filtration, Inc. v. United States*, Ct No. 26-01259, ECF No. 19 (Mar. 4, 2026) at 3; Declaration of Brandon Lord, *Atmus Filtration, Inc. v. United States*, Ct No. 26-01259, ECF No. 31 (Mar. 6, 2026) at 10-12. This would be particularly the case for entries subject to AD/CVD. While liquidation or reliquidation may be an appropriate time to refund IEEPA tariffs on entries eligible for immediate liquidation, the payment of refunds need not, and should not, be delayed in instances where unrelated issues prevent liquidation of the entries on which the IEEPA tariffs were collected.

The Court's March 6, 2026 Order directed CBP to take steps to ensure the prompt refund of all IEEPA tariffs collected by the United States, both as a matter of compliance with the ruling of the Supreme Court and to avoid the unnecessary accrual of additional interest costs to U.S. taxpayers. Order, *Atmus Filtration, Inc. v. United States*, Ct No. 26-01259, ECF No. 34 (Mar. 6, 2026). A refund mechanism that is predicated on liquidation of the entries as the sole basis of issuing refunds will not be able to meet these objectives. There is no reason why the refund of unlawfully collected IEEPA tariffs should be delayed by wholly unrelated issues applicable to an entry, whether it be AD/CVD, or CBP's review and finalization of other matters concerning the entry, such as valuation, classification, etc. Declaration of Brandon Lord In Response to the Court's Questions of March 3, 2026, *Atmus Filtration, Inc. v. United States*, Ct No. 26-01259, ECF No. 19 (Mar. 4, 2026) at 3; Declaration of Brandon Lord, *Atmus Filtration, Inc. v. United States*, Ct No. 26-01259, ECF No. 31 (Mar. 6, 2026) at 10-12. Any IEEPA tariffs imposed on these entries must be refunded without regard to whether AD/CVD duties are imposed, and without regard to whether there are any other issues CBP must resolve regarding that entry.

6

For the foregoing reasons, Plaintiffs respectfully request that this Court lift the stay entered in the above-captioned actions for the limited purpose of considering the issues addressed herein. Pursuant to USCIT R. 7(b), counsel for Plaintiffs conferred with counsel for Defendant regarding their position on this motion. Specifically, on March 25, 2026, Justin Miller of the U.S. Department of Justice, counsel to Defendant United States, stated that the Government opposes the motion because it disagrees with Plaintiffs that lifting the stay is necessary for U.S. Customs and Border Protection to consider antidumping and countervailing duty issues as part of CAPE development.

Respectfully submitted,

/s/ Julie C. Mendoza
Julie C. Mendoza
R. Will Planert
Donald B. Cameron
Brady W. Mills
Mary S. Hodgins
Eugene Degnan
Jordan L. Fleischer
Edward J. Thomas III
Nicholas C. Duffey
Jenny (Shiyu) Liang
Xi (Jack) Yang

**TAFT STETTINIUS & HOLLISTER LLP**
1333 New Hampshire Avenue, NW
Suite 800
Washington, D.C. 20036
(202) 216-4817

Dated: March 26, 2026

*Counsel to Plaintiffs EKU Fren ve Döküm Sanayi A.S., Amsum & Ash, Inc., Matra Americas, LLC, Canadian Forest Products Ltd., Canfor Pulp And Paper Sales Ltd., Optima Steel International, LLC, and AA Metals, Inc.*

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE RICHARD K. EATON, JUDGE**

| | |
|---|---|
| EKU FREN VE DÖKÜM SANAYİ A.S., <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION; AND THE UNITED STATES OF AMERICA, <br><br> Defendants. | Court No. 26-01386 |
| AMSUM & ASH, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION; AND THE UNITED STATES OF AMERICA, <br><br> Defendants. | Court No. 26-01551 |
| MATRA AMERICAS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION; AND THE UNITED STATES OF AMERICA, <br><br> Defendants. | Court No. 26-01417 |

CANADIAN FOREST PRODUCTS LTD. AND CANFOR PULP AND PAPER SALES LTD.,

       Plaintiff,

     v.

U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION; AND THE UNITED STATES OF AMERICA,

       Defendants.

Court No. 26-01562

---

OPTIMA STEEL INTERNATIONAL, LLC,

       Plaintiff,

     v.

U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION; AND THE UNITED STATES OF AMERICA,

       Defendants.

Court No. 26-01461

---

AA METALS, INC.,

       Plaintiff,

     v.

U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION; AND THE UNITED STATES OF AMERICA,

       Defendants.

Court No. 25-00714

9

### **ORDER**

Upon consideration of the Plaintiffs' March 26, 2026 motion to lift the stay for the limited purpose of addressing IEEPA tariff refunds for Antidumping Duty and Countervailing Duty entries, and all other papers and proceedings, it is hereby

**ORDERED** that Plaintiffs' motion is granted; and it is further

**ORDERED** that any relief deemed appropriate by the Court with regard to the matters addressed in Plaintiffs' motion shall be entered in due course.

**SO ORDERED**.

_____
Richard K. Eaton, Judge

Dated: _____
New York, New York

10